UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE LAMAR
HOOSIER-BEY,

        Plaintiff,

v.

CTO OFFICER HUDSON,

        Defendant.

                                /

Case No. 2:21-cv-10189

HONORABLE STEPHEN J. MURPHY, III

## **OPINION AND ORDER DISMISSING THE CASE**

Plaintiff Dwayne Lamar Hoosier-Bey filed a pro se complaint under 42 U.S.C. § 1983 alleging Defendant Officer Hudson caused a vehicular accident while transporting Plaintiff between Michigan Department of Correction ("MDOC") facilities. ECF 1, PgID 6–7. Plaintiff argues the accident resulted in severe and persistent injuries to his back. *Id.*

The Court granted Plaintiff's application to proceed in forma pauperis ("IFP"). ECF 5. The Court screened the complaint pursuant to 28 U.S.C. § 1915 and will dismiss the case for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### **BACKGROUND**

Plaintiff's complaint states that Defendant Hudson was driving Plaintiff and five other prisoners from Jackson, Michigan to the Macomb Correctional Facility. ECF 1, PgID 6, 12. Plaintiff further alleges that traffic on I-94 was "stop and go," and then it began to move faster. *Id.* at 6. As the traffic was beginning to pick back up,

1

Defendant Hudson allegedly "pick[ed] up his phone and started looking through it[.]" *Id.* But when the traffic slowed down again, Hudson's corrections officer partner yelled to Hudson to stop several times. *Id.* Despite trying to brake and swerve, Hudson rear-ended the vehicle in front of him. *Id.*

During the incident, Plaintiff was in belly chains without a seatbelt, as required by the MDOC. *Id.* When the transport vehicle struck the SUV in front of it, Plaintiff could not brace himself. *Id.* at 9. And in the process, his knee hit the metal divider behind the driver, "jolting [his] back and knee." *Id.* at 6. Immediately after the accident, Plaintiff alleges the pain was bearable, but it rapidly worsened, and ultimately, Plaintiff had to use a wheelchair for six months. *Id.* After ceasing use of the wheelchair, the pain increased to an "excruciating" level. *Id.* Plaintiff continues to use a walker because of the back pain and experiences numbness as well. *Id.* at 6, 9. Plaintiff is waiting to see a neurosurgeon for treatment and possible surgery. *Id.* at 6, 9.

Plaintiff grieved the accident through internal MDOC procedures, but his grievance was denied at Step 3. *Id.* at 12–13; 14–17. He seeks $1,000,000 for his pain and suffering. *Id.* at 10.

## LEGAL STANDARD

Under the Prison Litigation Reform Act ("PLRA"), the Court must sua sponte dismiss an IFP case before service on a defendant if the Court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court must dismiss

2

a case that seeks redress against government entities, officers, or employees when it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). When evaluating a complaint under PLRA standards, courts "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must also liberally construe a pro se civil rights complaint. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).

To state a claim on which relief may be granted, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a). The purpose of the rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although the notice pleading standard does not require "detailed" factual allegations, *id.*, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation," *Iqbal*, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.*

(quoting *Twombly*, 550 U.S. at 557). A complaint "is frivolous if it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a civil rights claim under 42 U.S.C. § 1983, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (citation omitted). A claimed constitutional violation must stem from active unconstitutional behavior. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The plaintiff must establish the liability of each individual defendant by that person's own conduct. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002).

## DISCUSSION

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny" under the Eighth Amendment. *Grabow v. Cnty. of Macomb*, 580 F. App'x 300, 307 (6th Cir. 2014). Prison officials must "take reasonable measures to guarantee the safety of the inmates[.]" *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).

For failure-to-prevent- harm claims, an Eighth Amendment violation may be established when an inmate shows (1) "that he is incarcerated under conditions posing a substantial risk of serious harm," and (2) that the prison official acted with "'deliberate indifference' to inmate health or safety." *Farmer*, 511 U.S. at 834. Deliberate indifference requires "more than mere negligence," but does not require conduct carried out "for the very purpose of causing harm or with knowledge that

4

harm will result." *Id.* at 835. In other words, "acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836.

To establish the objective component of *Farmer*, a plaintiff must allege an "excessive risk." *Schack v. City of Taylor*, 177 F. App'x 469, 472 (6th Cir. 2006) (citing *Farmer*, 511 U.S. at 837). Simply because a prisoner sustains a serious injury "does not necessarily indicate a substantial risk of such an injury." *Id.* Instead, constitutionally excessive risk is "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk[,]" *id.*, and "not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993).

Plaintiff cannot establish the objective prong because Defendant's cellphone use while driving was not such an intolerable or excessive risk. Although cellphone use while driving is prohibited, the violation of those laws typically results in civil infractions and fines. *See* Mich. Comp. Laws § 257.602b(6) (setting fines of $100 for first offense and $200 for subsequent offenses); *see also* Ky. Rev. Stat. § 189.290(30) (setting $25 fine for first offense and $50 for subsequent offenses). Such minimal consequences make clear *Farmer*'s "substantial risk of serious harm," threshold is not met by Defendant's use of a cellphone while driving. 511 U.S. at 834

What is more, Plaintiff cannot establish that Defendant recognized and disregarded a serious risk. Courts that have found Eighth Amendment violations during prisoner transport typically cite purposefully reckless driving or knowledge of specific risks in transporting prisoners. For instance, the Sixth Circuit reversed a

5

finding of qualified immunity for a corrections officer who "was driving above the speed limit, swerving, and generally driving recklessly," and when the passenger inmates "begged him to slow down, before they all died," he refused, laughed, and instead accelerated." *Scott v. Becher*, 736 F. App'x 130, 133 (6th Cir. 2018) (cleaned up). In circumstances very similar to those found in *Scott*, the Eighth Circuit found one defendant deliberately different for reckless driving over passengers' protests, but a second defendant was not liable because no evidence showed that the officer "knew the inmate passengers were concerned for their safety due to his driving or that he ignored those concerns." *Brown v. Fortner*, 518 F.3d 552, 559–60 (8th Cir. 2008). Alternatively, allegations against a defendant who "told another officer that other inmates similarly had been injured the prior week and during other incidents, which 'happen[] all the time,'" demonstrated knowledge of the risk and thus established the subjective prong. *Rogers v. Boatright*, 709 F.3d 403, 409 (5th Cir. 2013).

Plaintiff's allegations do not demonstrate that Defendant Hudson knew of and disregarded the substantial risk of serious harm. Neither Plaintiff nor the other prisoners objected to Defendant's use of his cellphone before the accident occurred. And while Plaintiff does allege that Defendant's corrections officer partner yelled for him to stop the car several times, those words are not an allegation of warning. ECF 1, PgID 6. Instead, based on Plaintiff's narrative, the other officer's yelling was in response to the imminence of the accident and *not* a warning that put Defendant on

6

notice of the risks of his cellphone use. Plaintiff also fails to allege that Defendant was aware of accidents and injuries occurring under similar circumstances.

As a result, Plaintiff cannot establish either prong of the deliberate indifference test for the accident.[1] The complaint fails to state a claim upon which relief may be granted and will be dismissed. The Court also concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 203 (2007).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Plaintiff civil rights complaint [1] is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that leave to appeal in forma pauperis is **DENIED**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
Dated: March 29, 2021    United States District Judge

---

[1] Plaintiff also notes that the MDOC "handbook" mandates that seatbelts not be used. ECF 1, PgID 6. Liberally construing his complaint, if Plaintiff meant to include the lack of seatbelts as part of his constitutional claims, the claim cannot succeed, because the failure to provide a seatbelt without more does not support finding an Eighth Amendment violation. *See Dale v. Agresta*, 771 F. App'x 659, 661 (7th Cir. 2019) ("Neither the Supreme Court nor this court has ruled that transporting an inmate without a seatbelt creates an intolerable risk of harm."); *see also*, *Jabbar v. Fischer*, 683 F.3d 54, 57–58 (2d Cir. 2012); *Smith v. Sec. for Dep't of Corrs.*, 252 F. App'x 301, 303–04 (11th Cir. 2007) (per curiam).

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 29, 2021, by electronic and/or ordinary mail.

                                      s/ David P. Parker
                                      Case Manager